Guan v. Garland

BIA
Segal, IJ
A206 288 219/220

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

XIUMEI GUAN, XINYAN HUANG,
> *Petitioners*,

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

20-47
NAC

FOR PETITIONERS:          Aleksander Boleslaw Milch, Esq.,
The Kasen Law Firm, PLLC,
Flushing, NY.

FOR RESPONDENT:         Brian Boynton, Acting Assistant Attorney
General; Greg D. Mack, Senior Litigation
Counsel; Aaron D. Nelson, Trial Attorney,
Office of Immigration Litigation, United
States Department of Justice, Washington,
DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Xiumei Guan and Xinyan Huang, natives and citizens of the People's Republic of China, seek review of an order of the BIA affirming a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiumei Guan, Xinyan Huang*, Nos. A206 288 219/220 (B.I.A. Dec. 19, 2019), *aff'g* Nos. A206 288 219/220 (Immig. Ct. N.Y. City Mar. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008) ("When the BIA summarily affirms

2

the decision of an IJ, we review the IJ's decision as the final agency determination."). We treat the IJ's findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review questions of law de novo. *See Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, there is no merit to Petitioners' argument that the IJ designated "Persia" rather than the People's Republic of China as the country of removal. The error, which appears once in the transcript of a 2014 initial hearing, was clearly a transcription error, and it was harmless given that the notices to appear correctly identify Petitioners as natives and citizens of China, Petitioners' testimony was translated by a Cantonese interpreter, Petitioners testified they were from China, and, most importantly, the IJ ordered Petitioners removed to the People's Republic of China in her oral decision and at the final removal hearing in 2018.

Concerning the main issues before the Court, we conclude that the agency did not err in finding that Petitioners failed to establish their eligibility for asylum, withholding of removal, and CAT relief based on their detention for failing to pay a family-planning fine assessed in 2013 under China's then-extant one-child

policy. To qualify for asylum, Petitioners must demonstrate that they suffered harm rising to the level of persecution or have a well-founded fear or likelihood of suffering such harm in the future as a result of their resistance to China's family-planning policy. *See* 8 U.S.C. § 1101(a)(42); *Shi Liang Lin v. DOJ*, 494 F.3d 296, 313 (2d Cir. 2007); *Matter of J-S-*, 24 I. & N. Dec. 520, 522–523 (A.G. 2008). To qualify for withholding of removal, Petitioners must "establish that [their lives] or freedom would be threatened in the proposed country of removal" because of their resistance to the family-planning policy. 8 C.F.R. § 1208.16(b).

The agency did not err in finding that Petitioners failed to establish past persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (internal quotation marks omitted). Petitioners did not allege suffering any beatings or other physical harm in detention. *See Jian Qiu Liu*, 632 F.3d at 822 (agreeing that an alien who was arrested and detained failed to establish past persecution when he suffered only minor physical harm prior to arrest in an altercation with family-planning officials). While Petitioners described uncomfortable conditions during their brief detention, the agency reasonably concluded that, without allegations of physical harm, let alone lasting

4

physical or psychological harm, they could not show past persecution. *See, e.g.,* *Kambolli v. Gonzales*, 449 F.3d 454, 457 (2d Cir. 2006) (placing significant weight on the "lack of physical harm" to petitioner). And Petitioners waived the argument that the fine imposed against them for violating the one-child policy constituted economic persecution because they failed to raise it before the BIA. *See id.* ("As [petitioner] did not raise his . . . claim on appeal to the BIA, he has . . . waived [it] on appeal to this Court."). Because Petitioners did not demonstrate past persecution, they are not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

The agency also reasonably found that Petitioners failed to demonstrate a well-founded fear of future persecution on account of the outstanding fine for violating China's one-child policy. Petitioners failed to submit any evidence that family-planning officials remain interested in collecting their unpaid fine, especially since China has since abandoned the one-child policy and Petitioners are in compliance with its current two-child policy. *See Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support in the record" and "is speculative at best"). The agency correctly concluded that Petitioners' submission of various news articles

chronicling continuing repressive family-planning policies and the occasional enforcement of past fines levied under the one-child policy in provinces other than the one from which Petitioners hale did not meet Petitioners' burden to show a well-founded fear of future persecution. That finding was dispositive of Petitioner's asylum, withholding of removal, and CAT claims. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court